WY Campbell County District
Court 6th JD
Dec 30 2025 09:59AM
Unassigned
78093184
**FILED**



**FILED**
12/30/2025 09:59:35
2025-CV-0041765
Filed By: Sarah Tyson

# IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT
## WITHIN AND FOR CAMPBELL COUNTY, STATE OF WYOMING

| | |
|---|---|
| SALLY JONES and <br> DUANE JONES,       ) <br>       ) <br>      Plaintiffs,    ) <br>       ) <br> vs.       ) <br>       ) <br> AMERICAN MODERN INSURANCE  ) <br> GROUP, INC.,     ) <br>    and     ) <br> AMERICAN MODERN PROPERTY   ) <br> AND CASUALY INSURANCE   ) <br>       ) <br>      Defendants.   ) | Case No. _____ |

---

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT
## AND INSURANCE BAD FAITH

---

Plaintiffs, Sally Jones and Duane Jones, by and with counsel, Garrett M. Whitson of Sagebrush Law Firm, LLC, for his Complaint against Defendants American Modern Insurance Group, Inc., and American Modern Property and Casualty Insurance (collectively "Defendants"), does hereby state and allege as follows:



EXHIBIT
A

## PARTIES

1.      Plaintiffs Sally Jones and Duane Jones are residents of Campbell County, Wyoming.

2.      Defendant, American Modern Property and Casualty Insurance Company, is an Ohio company with a principle place of business located at 7000 Midland Boulevard, Amelia, Ohio 45102.

3.      Defendant, American Modern Insurance Group, Inc., is an Ohio company with a principle place of business located at 7000 Midland Boulevard, Amelia, Ohio 45102.

4.      Both Defendants may be served at 7000 Midland Boulevard, Amelia, Ohio 45102.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to Wyo. Const. Art. 5, § 10, which grants district courts "original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for."

6.      This Court has in personal jurisdiction over Defendants pursuant to Wyo. Stat. Ann. § 5-1-107 as the Defendants have conducted business in the State of Wyoming, resulting this matter.

7.      Venue is proper in Sheridan County due to the Plaintiffs residing in Campbell County, Wyoming and Defendant's willfully providing services in Campbell County, Wyoming, where the insured property is located.

8.      This dispute involves an amount in excess of $50,000.00 and thus, this Court has jurisdiction over this matter.

## STATEMENT OF FACTS

9.      Plaintiffs purchased and Defendants agreed to sell property and casualty insurance on property owned by Plaintiffs, located at 19 Noonan Road, Wright, WY 82732 (hereinafter "Subject Property"), policy number 104-605-267 (hereinafter the "Policy"). A copy of the Policy is attached hereto as "*Exhibit 1*".

10.     The Policy period begins on August 16, 2024 and ends on August 16, 2025.

11.     The Policy attests that American Modern will provide coverage to the residential dwelling located on the Subject Property with a policy limit on the dwelling being $260,000 and a limit on personal property loss at $104,000.

12.     Upon purchasing the Policy, Plaintiffs lifted the dwelling on the Subject Property in order to tear out and replace the old HVAC duct work underneath the home, along with installing an under-home furnace that requires the house to be higher and thus needing a larger concrete pad to allow the HUD-required double stack of cinder block columns per pier.

13.     Plaintiffs lifted the dwelling and placed it on temporary foundation blocks until a third-party contractor could construct permanent foundational supports for the dwelling.

14.     Plaintiffs then hired a third-party contractor, Wrangler Construction, who inspected property on February 24, 2025, to ensure the temporary supports were appropriate to hold the structure until said contractor could construct the permanent supports. Wrangler Construction verified that the temporary supports were sufficient with the ground conditions and moisture content.

15.     Subsequently, high winds ensued, blowing the dwelling off of the temporary structure, causing the frame of the home to twist, breaking marriage bolts, and causing damage to the inside walls and outside siding of the dwelling.

16.    Upon discovery of the damage on March 11, 2025, Plaintiff, Sally Jones, called Defendants to make a report and claim the damages.

17.    Within that conversation, Defendants representatives indicated that they needed to input a date of loss, at which point, Plaintiff, Sally Jones, informed Defendants that the exact date of loss was unknown due to substantial time passing between visits to the Subject Property.

18.    Defendants inserted a "Date of Loss" as the date Plaintiffs reported the damage, March 11, 2025.

19.    Plaintiffs have made it abundantly clear to Defendants that the incident occurred prior to March 11, 2025.

20.    Nevertheless, Defendants rejected Plaintiffs' claim via a letter dated March 27, 2025, claiming "there were no winds above 40 MPH on the date of loss provided."

21.    Plaintiffs informed Defendants, yet again, that the date of loss on record is not the date which the incident occurred and further informed Defendant's that the date of loss was sometime between February 24, 2025, and March 11, 2025.

22.    After discovery of the collapse, in early March of 2025, M&J Custom Builders and Wrangler Construction, two separate construction companies, inspected the underneath portion of the home, at which time, they concluded that the soil was not compromised nor too moist for the temporary support structures to be effective.

23.    Plaintiffs provided Defendants a professional opinion from M&J Custom Builders, LLC and Wrangler Construction, indicating that in their opinion, the house was knocked off of the temporary foundation due to wind getting under the house, allowing it to shift.

24.    Plaintiffs also provided wind data acquired from National Centers for Environmental Information and data acquired from the private weather station owned by the Town

of Wright, Wyoming, showing multiple days within the date of loss timeframe with high winds exceeding sixty (60) miles-per-hour.

25.     Finally, Plaintiffs hired JGSW Engineering to conduct a professional report on the cause of the home's collapse, which was determined that the wind would have been the primary factor to the collapse if above 55 miles per hour.

26.     After Plaintiffs provided all information available to them regarding wind being the cause of the collapse, Defendants provided a second written denial of the claim on September 8, 2025, once again claiming ground settling was the cause of the collapse and blatantly ignoring the facts and data showing that wind was the cause of the collapse, not ground settling.

## CLAIMS FOR RELIEF

### Count I – Breach of Contract

27.     Section 1 – "Policy Coverages", paragraph 1, states "[w]e cover the dwelling, on the residence premises, shown on the Declarations. This includes: (1) Parts, accessories, and equipment that are built into or attached to the dwelling and form a permanent part of its structure; (2) Above-ground foundation supports, tie-downs, central air conditioners, water pumps, skirting, steps, septic tanks, and oil and gas drums that furnish heating or cooking fuel for the dwelling; and (3) Structures attached to the dwelling." See *Exhibit 1, Bates 15*.

28.     Section 1 – "Supplementary Coverages", paragraph 9(b) states "[w]e insure for direct physical loss to covered property involving collapse of a building or any part of a building if the collapse was caused by . . . Windstorm Or Hail." See *Exhibit 1, Bates 19*.

29.     Plaintiffs have provided Defendants with a reliable engineering report which finds that more likely than not, the collapse of Plaintiffs' dwelling was caused by high winds.

30.    However, Defendants continue to deny Plaintiffs' request for repair costs, in violation of the explicit terms of the parties contract.

## Count II – Bad Faith

31.    "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 825 (Wyo. 1994) (quoting Second Restatement of Contracts § 205 (1981)).

32.    Wyoming has recognized that a breach of the implied covenant of good faith and fair dealing may be actionable in contract for compensatory damages. Wyoming has also acknowledged that a breach of the implied covenant of good faith and fair dealing which rises to the level of an independent tort is actionable for compensatory and punitive damages under proper circumstances. A recovery in tort for the breach of the duty of good faith and fair dealing is premised upon the existence of a special relationship created by the unequal bargaining power that an insurer has over an insured. *Bergantino v. State Farm Mut. Auto. Ins. Co.*, 2021 WY 138, S-21-0107 (Wyo. Dec 14, 2021) citing *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855, 860-61 (Wyo. 1990)) (other citations omitted).

33.    "[A]n insurer may be liable for its unreasonable, oppressive, and intimidating claims practices in investigating, handling, or denying a claim, even [if] the denial was appropriate." *Bergantino v. State Farm Mut. Auto. Ins. Co.*, 2021 WY 138, S-21-0107 (Wyo. Dec 14, 2021) (citing *Hatch*, 842 P.2d at 1099).

34.    Defendants unreasonably denied Plaintiffs' claim by failing to fully consider the circumstances surrounding the collapse of the insured dwelling despite being provided with ample information showing wind as the cause for the collapse, which is expressly covered within the Policy.

35.    Further, Defendants unreasonably denied Plaintiffs' claims by repeatedly attempting to attribute the date on which the claim was made as the "date of loss" despite Plaintiffs correcting this assumption in clear, plain language, on multiple occasions.

36.    Defendants additionally acted in bad faith by claiming to have spoken to both M&J Custom Builders and Wrangler Construction during their inquiry, which has proven to be a false statement as Wrangler Construction indicates that Defendant failed to reach out to them during their inquiry.

37.    Finally, Defendants actions breached their duty to act in good faith and fair dealing by failing to fully inform Plaintiffs of their coverage or lack thereof, in the event of the dwellings collapse.

**WHEREFORE**, Plaintiffs pray this Court:

1.    Order actual damages in the amount of repair costs on the insured dwelling in the amount of $53,000.

2.    Oder putative damages for Defendant's willful bad faith in an amount to be determined at trial.

3.    Order emotional distress damages for Defendants willful bad faith in an amount to be determined at trial.

4.    Order consequential damages for living expenses of a secondary home in an amount of $5,000.

5.    Order that Defendants be held responsible for Plaintiffs' attorney fees associated with bringing this action in accordance with their mutual contract.

6.    For such other and further relief as the Court deems just and equitable.

DATED this 26th day of December, 2025.


_____
**SALLY JONES, Co-Plaintiff**


_____
**DUANE JONES, Co-Plaintiff**


*/s/ Garrett M. Whitson*
GARRETT WHITSON, #8-7095
Sagebrush Law Firm, LLC
449 South Main Street
Sheridan, WY  82801
Phone: (307) 672-9771
Fax: (307) 672-8244
Garrett@sagebrushlawfirm.com


**[Verification on following page]**

## VERIFICATION

STATE OF WYOMING      )
                                          ) ss
County of Campbell       )

Before me, the undersigned notary public, **Sally Jones** personally appeared as the Plaintiff in the above-entitled action, who, after being duly sworn, deposes and says: that she has read the foregoing *Verified Complaint for Breach of Contract and Insurance Bad Faith*, and that the statements therein contained are true and correct as she verily believes.

Subscribed and sworn to before me this 26 day of December , 2025.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires:      March 22, 2030

AMANDA COWLEY
Public - State of Wyoming
mmission ID # 169698
Commission Expires
March 22, 2030

## VERIFICATION

STATE OF WYOMING      )
                                          ) ss
County of Campbell       )

Before me, the undersigned notary public, **Duane Jones** personally appeared as the Plaintiff in the above-entitled action, who, after being duly sworn, deposes and says: that she has read the foregoing *Verified Complaint for Breach of Contract and Insurance Bad Faith*, and that the statements therein contained are true and correct as she verily believes.

Subscribed and sworn to before me this 26 day of December , 2025.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires:      March 22, 2030

AMANDA COWLEY
Notary Public - State of Wyoming
Commission ID # 169698
My Commission Expires
March 22, 2030